PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

___✓_FILED
____LODGED
____RECEIVED

**October 11, 2007**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>NEIL M. ROSE; IMPACT ALLOYS FOUNDRY, INC.; AND IMPACT ALLOYS CORPORATION,<br><br>Debtors. | Case No. 01-49703 (LEAD CASE)<br>01-49934<br>01-49935<br>03-52214 |
| RICHARD M. RUGGIERO and BEVERLY A. RUGGIERO, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>NEIL M. ROSE,<br><br>Defendant. | Adversary No. 07-04091<br><br>**MEMORANDUM DECISION**<br><br>**NOT FOR PUBLICATION** |

This matter came on for hearing on October 2, 2007, on a motion for summary judgment filed by Richard and Beverly Ruggiero (Plaintiffs), against Neil M. Rose (Defendant). Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

MEMORANDUM DECISION - 1

## FINDINGS OF FACT

Involuntary bankruptcy petitions were filed in accordance with 11 U.S.C. § 303 against the Defendant, Impact Alloys Foundry, Inc. and Impact Alloys Corporation on October 5, 2001 (No. 01-49703), and October 12, 2001 (No. 01-49934 and No. 01-49935), respectively. Orders for relief were entered by this Court in the three cases on November 30, 2001, and on January 6, 2003, the Court entered an order directing the joint administration of the cases under Case No. 01-49703. The petitions were filed as a result of a state court lawsuit and subsequent judgment entered against the Defendant, Impact Alloys Foundry, Inc. and Impact Alloys Corporation in Clark County Superior Court, State of Washington (State Court Litigation).

On June 2, 2003, the Defendant filed a voluntary petition for Chapter 7 relief in U.S. Bankruptcy Court for the District of Arizona under Case No. 03-9444. On November 5, 2003, an order was entered transferring the Arizona case to this district (Bankruptcy Case No. 03-52214), and substantively consolidating the case with No. 01-49703, pursuant to Fed. R. Bankr. P. 1014(b) and 1015(a).

An asset of the Defendant's bankruptcy estate was real property located at 2110 SE 105th Court, Vancouver, Clark County, Washington (Property). On November 8, 2005, the Court entered an order in Adversary Proceeding No. 03-04027, requiring the Defendant to turnover the Property to the Chapter 7 Trustee (Trustee). On November 7, 2006, the Court entered an order authorizing the Trustee to sell the Property to the Plaintiffs free and clear of liens, pursuant to 11 U.S.C. § 363. On November 17, 2006, the Trustee executed a Trustee's Quit Claim Deed (Deed) transferring the Property to the Plaintiffs. The Deed was recorded on November 20, 2006, under Clark County Auditor's Recording No. 4250659 D.

On or about April 6, 2007, the Defendant recorded a "Lis Pendens Affecting Real Property Under RCW 4.28.320" (Lis Pendens) under Clark County Auditor's Recording No. 4307646 LP. The Lis Pendens states that the Defendant filed a voluntary Chapter 11 Plan of Reorganization in United States Bankruptcy Court for the District of Arizona on February 9, 2007, under Case No. 07-00516-CGC, and that part of the Plan of Reorganization is for the Defendant "to recover unlawfully seized property of his estate." The Lis Pendens appears to allege that the Property is included in the Arizona bankruptcy filing.

On April 16, 2007, the Defendant filed an adversary proceeding in U.S. Bankruptcy Court for the District of Arizona, under Adversary Proceeding No. 2:07-ap-00245-CGC, against a number of attorneys that participated in or represented the Defendant in the State Court Litigation and various bankruptcy court proceedings. The Chapter 11 bankruptcy case and adversary proceeding were dismissed by court orders entered on August 1, 2007. The Defendant filed a Notice of Appeal on September 4, 2007.

On July 13, 2007, the Plaintiffs filed an adversary proceeding against the Defendant for injunctive relief. In the complaint, the Plaintiffs seek an order canceling the Lis Pendens and enjoining and invalidating any further recorded documents by the Defendant against the Property.

The Defendant filed an answer to the Plaintiffs' complaint on July 30, 2007. On August 24, 2007, the Defendant filed a document asserting counterclaims against the Plaintiffs and other named parties, including John Does 1-50. In the counterclaims, the Defendant alleges

MEMORANDUM DECISION - 3

that the present action and underlying bankruptcy case are void and that he will be seeking a judgment in the amount of $193,527,015.00, trebled under Title 18 U.S.C. § 1964(c).

On September 7, 2007, the Plaintiffs filed a motion for summary judgment. On September 25, 2007, the Defendant filed a pleading captioned, "Special Appearance in a Void Proceeding; Objection to Motion for Summary Judgment Quashing the Lis Pendens as the Motion is Unlawful and Made for Unlawful Purposes."

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should be granted if, after taking all reasonable inferences in the nonmoving party's favor, the court finds that no reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1986).

## ISSUES

The issues raised by the Plaintiffs' motion for summary judgment are as follows: (1) should the Lis Pendens be cancelled by this Court; (2) is it appropriate for this Court to enjoin the Defendant from recording further documents against the Property without leave of this Court; and (3) should the Defendant's counterclaims be dismissed?

## CONCLUSIONS OF LAW

**1. Cancellation of the Lis Pendens**

The Plaintiffs allege that the Lis Pendens should be cancelled by this Court. The purpose of a lis pendens is to give notice of pending litigation affecting the title to real

property. United Sav. & Loan Bank v. Pallis, 107 Wn. App. 398, 405, 27 P.3d 629, 632 (2001). A lis pendens can only be properly filed when there is an action pending involving the real property covered by the notice. Washington Dredging & Imp. Co. v. Kinnear, 24 Wn. 405, 406, 64 P. 522 (1901).

In this case, there is no action pending that would affect the title to this Property. This Court entered an order authorizing the Trustee to sell the Property on November 7, 2006. There are no pending appeals of this order, nor are there any orders staying the proceedings before this Court. The Defendant filed a subsequent Chapter 11 petition and adversary proceeding in the United States Bankruptcy Court for the District of Arizona, but both have since been dismissed. Although the Defendant may have an appeal pending, this Court has previously ruled that the assets of the Defendant's bankruptcy estate in this case did not become a part of the Defendant's bankruptcy estate in Arizona when the subsequent Arizona bankruptcy petition was filed. See Memorandum Decision at 3-4 (Case No. 01-49703, Docket No. 443); Order Granting Trustee's Motion for Authority to Make Interim Distribution to Creditors and Denying Debtor's Request to Find that the Automatic Stay Under 11 U.S.C. § 362 Applies (Case No. 01-49703, Docket No. 444). This order has not been appealed or stayed. Accordingly, there is no action pending affecting title to the Property. Pursuant to RCW 4.28.325, this Court has authority to order that the Lis Pendens be cancelled by the county auditor.

Although the Defendant filed several lengthy pleadings in response, as well as appeared at the October 2, 2007, hearing and read a statement into the record, he has not stated any valid basis for denying the relief sought. The Court has previously ruled that it has
MEMORANDUM DECISION - 5
Case 07-04091-PBS    Doc 14    Filed 10/11/07    Ent. 10/11/07 14:13:50    Pg. 5 of 10

jurisdiction over this bankruptcy case.  See, e.g., Amended Order Denying Debtor's Motion to Vacate and Granting Trustee's Motion to Compel (Case No. 01-49703, Docket No. 311).

The Defendant also argues that the Plaintiff's requested relief should not be granted because they had prior knowledge of the disputes surrounding the Property.  The Defendant apparently sent the Plaintiffs a letter dated October 5, 2006, advising them that the "ORDER to sell [his] property is VOID, for fraud."  Exhibit One to Defendant's Answer (Adv. Proceeding No. 07-04091, Docket No. 3).  The Defendant's arguments, however, regarding the Plaintiffs' prior knowledge of the Defendant's claims to this Property does not affect their status as purchasers.  The Court had jurisdiction over the Property, approved the sale of the Property by the Trustee to the Plaintiffs, and the order approving the sale was never appealed.  The only relevancy of the Defendant's letter to the Plaintiffs dated October 5, 2006, is to further demonstrate the need to grant the relief sought.

### 2. Pre-filing Injunction

The Plaintiffs request that this Court enjoin the Defendant from recording any further documents against the Property without prior leave of this Court.  Bankruptcy courts have the power to enter pre-filing orders against vexatious litigants pursuant to 11 U.S.C. § 105(a) and 28 U.S.C. § 1651(a).  Lakusta v. Evans (In re Lakusta), 2007 WL 2255230, at *3 (N.D. Cal. Aug. 3, 2007).  11 U.S.C. § 105(a) allows a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  The All Writs Act, 28 U.S.C. § 1651(a), allows "all courts established by Act of Congress" to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  See In re International Power Sec. Corp., 170 F.2d 399, 402 (3d Cir. 1948) (bankruptcy courts have authority to enter relief under All Writs Act).

The Ninth Circuit Court of Appeals has set forth four factors for a court to consider before entering pre-filing orders: (1) the litigant must be given notice and an opportunity to be heard before the order is entered; (2) the court must establish an adequate record for review; (3) the court must make substantive findings about the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to deter the specific behavior complained of. De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990).

In this case, the Defendant was afforded sufficient notice of the relief sought. The Defendant had the opportunity to, and did file a response, to the Plaintiffs' motion for summary judgment. The Defendant also appeared at the hearing and read a statement into the record that was filed with the Court on October 2, 2007, as a pleading captioned "Special Appearance."

In ensuring that an adequate record is created, it is apparent from the docket entries in this case, that the Defendant will persist in thwarting the Plaintiffs' attempts to obtain clear title of the Property. The Defendant's bankruptcy case has been pending for over six years and has a lengthy history with numerous documents filed. Without considering the multiple associated adversary proceedings, over 450 documents have been filed in the Defendant's main bankruptcy case alone. The Defendant has also filed two separate bankruptcy petitions in Arizona, one that was transferred to this District and consolidated with the Defendant's Washington bankruptcy case and the other dismissed. The Defendant has filed multiple motions to vacate all prior judgment and rulings in this matter, motions for reconsideration, motions to stay proceedings, and several appeals. This Court has already ruled on these arguments and issued decisions and orders denying the Defendant's motions. The Defendant also filed an action in U.S. District Court for the Western District of Washington, Case No. O6-

01115-RSM, against the attorneys and Trustee participating in the Defendant's bankruptcy case before this Court. This action was dismissed by the U.S. District Court on October 16, 2006. He has also filed an adversary proceeding in the Arizona bankruptcy court against several of the attorneys participating in the prior State Court Litigation that gave rise to the filing of the involuntary proceeding before this Court. Notwithstanding the pleadings filed in related adversary proceedings in Washington, Arizona and the filing in U.S. District Court, the pleadings filed in the Defendant's main bankruptcy case in this Court alone is an adequate record of the Defendant's continuous history of vexatious litigation.

There also exists a clear record of the Defendant's attempts to frustrate the Trustee's efforts to sell this Property. During this bankruptcy case, the Defendant has alleged that all proceedings in this Court and the State Court Litigation were void, including this Court's order authorizing the sale of the Property. The Defendant failed to appeal that order, but has continuously attempted to challenge its effect. In his answer to the Plaintiffs' complaint, the Defendant attached the letter dated October 5, 2006, that he allegedly sent to the Plaintiffs arguing that the order authorizing the sale was void and indicating that if they continue in their attempts to purchase the Property, they will "be added to the racketeering lawsuit as a defendant." The Defendant even names the Plaintiffs as defendants, along with multiple other parties, in the pleading filed that allegedly asserts counterclaims in this proceeding. These pleadings, as with the Lis Pendens, were filed without a legal basis and clearly for the purpose of harassing and intimidating the Plaintiffs in an effort to thwart the Plaintiffs' ownership interest in the Property. Absent an injunction, the history of this case is persuasive evidence of the likelihood that the Defendant will continue to file or record frivolous documents to

prevent clear title from passing to the Plaintiffs. A pre-filing injunction appears to be the only relief adequate to protect the Plaintiffs' interest in the Property.

The Court concludes that the relief sought is sufficiently limited in scope to deter the specific behavior complained of by the Plaintiffs. The Plaintiffs merely seek to prevent the Defendant from recording any documents against the Property. The Defendant is not prohibited from filing or continuing with other litigation, or recording documents related to other real property. As the Court has already ruled that the Defendant has no remaining rights to the Property, and the order authorizing the sale of the Property to the Plaintiffs is a final order, the pre-filing order sought is appropriately narrowly tailored to deter the Defendant from further clouding the Plaintiffs' title in the Property.

### 3. Counterclaims

The Defendant's answer to the Plaintiffs' complaint was filed on July 30, 2007, and did not include any counterclaims. Instead, on August 24, 2007, the Defendant filed a pleading captioned, in part, as "Counterclaims" seeking that all matters before this Court be vacated. According to Fed. R. Civ. P. 12(b), as made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b), every counterclaim shall be asserted in the responsive pleading to the original claim for relief. As the Defendant failed to include any counterclaims in his answer or seek leave of the Court to amend his answer to include the counterclaims, they have not been properly asserted and are therefore dismissed.

Accordingly, based on the above, the Court concludes that the Plaintiffs are entitled to summary judgment as a matter of law, canceling the Lis Pendens against the Property, enjoining the Defendant from recording further documents against the Property and dismissing all counterclaims.

All further matters in this case shall be noted for hearing in accordance with the Court's calendar for Vancouver, Washington, but oral argument will not be held without the express consent or invitation of the Court. Pleadings shall be reviewed by the Court without oral argument, and the Court will issue written decisions accordingly.

DATED: October 11, 2007

*Paul B. Snyder*
_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 10